### No. 605
DAVIS, Agent, etc., v. OSWALD & TAUBE
No. 19155. Supreme Court
On motion to certify. Dock. May 18, 1925;
3 Abs. 341.

211. CAUSE OF ACTION—May it be predicated upon loss or damages of goods, where it occurs after Federal control of initial carrier had terminated?

The partnership of Oswald and Taube brought an action in the Cincinnati Municipal Court against James C. Davis, Agent, appointed by the President, for damages arising out of a shipment of goods to New Orleans. The partnership consigned the goods to the Bakers and Confectioners Supply Co. with the Cincinnati, New Orleans & Texas Pacific Ry., as carrier. It was claimed that this was on Feb. 19, 1920, and that said carrier failed to transport and deliver them within a reasonable time, and failed to notify the partnership of the location of the shipment until January 1921; and that by reason of the delay the goods spoiled and became worthless to the partnership's damage of $491.37.

Davis averred that the goods reached their destination on Feb. 27, 1920 and notice was given to the consignee of the arrival of said goods. At this time the goods were in the freight house of the New Orleans and Northeastern Rd. Co. It is also claimed that the bill of lading contained a provision that claims for loss or damage to goods must be made in writing to originating or delivering carrier within six months after delivery or six months after reasonable time for delivery had elapsed. It was claimed that no such claim was made. The court decided in favor of Oswald and Taube and the Court of Appeals affirmed the judgment.

In the Supreme Court, Davis contends:

The consignee in New Orleans did not take possession of said goods after more than 48 hours had elapsed after their arrival, and after said time the goods were held by the N. O. & N. E. R. R. Co. as warehouseman and no longer as carrier.

Davis also contends that:

1. Oswald & Taube made an out and out sale to the consignee and title passed to the latter upon delivery of goods to the C. N. O. & T. P. Rd. The partnership not being owners, sustained no loss.

2. The goods, having been held by the carrier for 48 hours after notice to consignee was no longer a "carrier" within meaning of Sec. 20 of the "Carmack Amendment."

3. The loss having occurred "after" relation of carrier to the partnership had terminated, initial carrier could not be sued for loss thereafter occurring while property was not in custody of initial carrier.

4. Federal control having terminated before loss occurred the loss could not have arisen out of possession, use, operation and control of the Director General of Railroads.

5. Claims arising after Federal control ceased cannot be made basis of suit on bill of lading issued before termination of control.

6. Claim in writing for loss was not given within stipulated time.

Attorneys—Harmon, Colston, Goldsmith, & Hoadly, for Davis; Moulinier, Bettman, & Hunt for Oswald & Taube; all of Cincinnati.